NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

MARIAH B., )
)  Supreme Court No. S-18026
                    Appellant, )
)  Superior Court No. 3AN-19-00037 CN
            v. )
)  MEMORANDUM OPINION
STATE OF ALASKA, DEPARTMENT )       AND JUDGMENT*
OF HEALTH & SOCIAL SERVICES, )
OFFICE OF CHILDREN'S SERVICES, )  No. 1916 - August 31, 2022
)
                    Appellee. )
)

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Gregory Miller, Judge.

Appearances: Emily L. Jura, Assistant Public Defender, and Samantha Cherot, Public Defender, Anchorage, for Appellant. Laura Fox, Senior Assistant Attorney General, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for Appellee. Laura Hartz, Assistant Public Advocate, and James Stinson, Public Advocate, Anchorage, for Guardian Ad Litem.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

1.      The superior court terminated a mother's parental rights to her daughter after trial. The mother appealed, arguing that the superior court improperly admitted and relied on hearsay evidence to make its termination findings and erred by finding that the

---

*       Entered under Alaska Appellate Rule 214.

Office of Children's Services (OCS) made reasonable efforts to reunify the family.[1] Without reaching the reasonable efforts issue, we remanded for the court to explain its evidentiary rulings about and its use of hearsay evidence in its termination decision.[2]

2.      The superior court issued Supplemental Findings Following Remand providing a detailed explanation of its consideration of hearsay during the termination trial. The court explained that it did not rely on hearsay on the question whether the child was in need of aid.[3] The court further explained why the hearsay evidence it considered was probative of other findings, had circumstantial guarantees of trustworthiness, and had arisen in a manner that the mother could meet.

3.      After the superior court issued its Supplemental Findings Following Remand, the parties filed supplemental appeal briefs. The mother continued to argue that the court wrongfully relied on inadmissible hearsay. OCS argued that the court's

---

[1]      Before terminating parental rights a superior court must find by clear and convincing evidence that: (1) a "child has been subjected to conduct or conditions described in AS 47.10.011"; (2) "the parent . . . has not remedied the conduct or conditions . . . that place the child at substantial risk of harm" or "has failed, within a reasonable time, to remedy the conduct or conditions . . . plac[ing] the child in substantial risk so that returning the child to the parent would place the child at substantial risk of physical or mental injury"; and (3) OCS has made reasonable efforts to provide family support services to the child and to the parent. AS 47.10.088(a); AS 47.10.086. The court must also find "by a preponderance of the evidence that termination . . . is in the best interests of the child." CINA Rule 18(c)(3); AS 47.10.088(c).

[2]      *Mariah B. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 499 P.3d 1021, 1022, 1028 (Alaska 2021).

[3]      *See* CINA Rule 18(f) (providing that hearsay inadmissible under recognized exception to evidence rules is inadmissible to prove child in need of aid status but that hearsay otherwise may be admissible if "probative of material fact, [it] has circumstantial guarantees of trustworthiness, and the appearing parties are given a fair opportunity to meet it").

supplement to its original decision demonstrated appropriate use of hearsay and that hearsay evidence did not substantially influence the court's termination findings. The guardian ad litem supported OCS's position.

4.    We have considered the parties' original briefing, the superior court's Supplemental Findings Following Remand, and the parties' supplemental briefing. We conclude that the court's clarification of its admission and use of hearsay evidence allows us to understand the termination decision for purposes of appellate review, is consistent with CINA Rule 18(f), and does not reflect legal error or an abuse of discretion warranting reversal of any termination findings.[4] Moreover, with the clarification of the court's use of hearsay evidence, we see no error in the finding that OCS made the required reasonable efforts to reunify the family and that those efforts were unsuccessful.[5] As OCS and the guardian ad litem point out, OCS's efforts easily meet the reasonable efforts standard.[6]

---

[4]    *See Cora G. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 461 P.3d 1265, 1276 (Alaska 2020) (explaining we independently review legal questions, including whether factual findings meet parental rights termination rule requirements).

[5]    *See Violet C. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 436 P.3d 1032, 1037 (Alaska 2019) (explaining whether OCS made reasonable reunification efforts is both factual question reviewed for clear error and legal question reviewed using independent judgment).

[6]    "OCS's efforts must be 'reasonable but need not be perfect.' " *Id.* at 1038 (quoting *Audrey H. v. State, Office of Child.'s Servs.*, 188 P.3d 668, 678 (Alaska 2008)). Exhibits admitted into the record and trial testimony documented multiple case plans and services the mother was offered, including therapeutic court, drug screening, an integrated assessment, compliance monitoring, parenting classes, treatment groups, substance abuse therapy, budgeting, housing referrals, and visitation.

5.	The superior court's termination of the mother's parental rights is AFFIRMED.